**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Beauford Ellis,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PennyMac Loan Services LLC,<br><br>　　　　　Defendant. | No. CV-25-00493-TUC-JR<br><br>**ORDER** |

Pending before the Court is Plaintiff Darrell Beauford Ellis's Objection to Defendant's Motion for Extension of Time to Respond to Complaint and Motion to Vacate Order Granting Extension. (Doc. 12.) The Court construes Plaintiff's motion as a motion for reconsideration of the Court's September 19, 2025 Order granting Defendant PennyMac Loan Services LLC's Motion for Extension of Time to File Answer. (Doc. 11.) For the following reasons, the Court will deny the motion.

**I.      Motion For Reconsideration**

　**A.      Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Griego v. BMW of N. Am. LLC*, No. CV-22-01281-PHX-DJH, 2024 WL 2977660, at *2 (D. Ariz. June 13, 2024) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

there is an intervening change in controlling law." *Griego*, 2024 WL 2977660, at *2 (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Arizona Local Rule of Civil Procedure 7.2 provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Griego*, 2024 WL 2977660, at *2 (quoting LRCiv 7.2(g)(1)). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Griego*, 2024 WL 2977660, at *2 (quoting LRCiv 7.2(g)(1)). "Motions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Griego*, 2024 WL 2977660, at *2 (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009))).

**B. Discussion**

Plaintiff asserts four grounds as to why the Court's Order (Doc. 11) should be reconsidered. First, Plaintiff argues that the Court erred in granting the Motion without allowing Plaintiff time to object. (Doc. 12 at 2.) However, pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court "may, for good cause, *with or without motion or notice* if the court acts, or if a request is made, before the original time…expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). Accordingly, the Court acted within its discretion by granting Defendant's Motion for Extension.

Second, Plaintiff argues that Defendant has not shown good cause as required by Rule 6(b). (Doc. 12 at 2.) In Defendant's motion, it outlines the reasons why good cause exists for an extension: "to analyze claims, gather facts, and prepare a response to the Complaint." (Doc. 10 ¶ 4.) Accordingly, the Court finds that Defendant has demonstrated good cause for the granted extension.

Third, Plaintiff argues that granting the extension prejudices him by "delaying

resolution, prolonging unlawful collection, and enabling Defendant to continue threatening foreclosure while withholding legally required documentation." (Doc. 12 at 3.) The Plaintiff does not supply the Court with any specific facts which would support that a 28-day extension would prejudice his prosecution of this case. The harms alleged by Plaintiff here address the merits of the case, not the immediate request for reconsideration of the granted extension.

Fourth, Defendant argues that "Under *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584 (2012), a party initiating foreclosure must demonstrate authority to enforce the note and deed of trust." (Doc. 12 at 3.) Defendant conclusorily asserts that "Defendant's failure to validate debt or prove standing demonstrates ongoing noncompliance supports Plaintiff's objection." (*Id.*) These arguments likely address the merits of the case, but not the immediate request for reconsideration of the granted extension.

Finally, Plaintiff has not met his burden for the Court to grant his motion to reconsider. *See Griego*, 2024 WL 2977660, at *2. For the reasons above, Plaintiff has not shown manifest error in the Court's decision to grant Defendant's requested extension. Further, Plaintiff has not presented newly discovered evidence or an intervening change in law which would make such reconsideration appropriate under the law. *Id*. Accordingly, Plaintiff's Motion will be denied and the objections contained therein are overruled.

**IT IS ORDERED** Plaintiff's Motion (Doc. 12) is **denied**.

Dated this 23rd day of September, 2025.

*Jacqueline M. Rateau*
Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 3 -